IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JAMEL C. LAW,**

    Petitioner,

v.                                                                                     Civil Action No. **3:19CV541**

**MARK BOLSTER,**

    Respondent.

## MEMORANDUM OPINION

Jamel C. Law, a federal inmate proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging his conviction within the Bureau of Prisons ("BOP") for the institutional infraction of introduction of drugs/alcohol in violation of BOP Disciplinary Code 111A. The Court liberally construed Law's submissions to raise the following claims for relief:[1]

    Claim One:     Law did not receive a "DHO/Hearing Record and that has prejudiced his ability to file a meaningful appeal."[2] (ECF No. 1, at 6; ECF No. 7, at 1; *see also* ECF No. 9, at 2.)

    Claim Two:     "The BOP does not have the authority to change the factual basis (section 11) of a[n] Incident Report/Charging document." (ECF No. 7, at 1; *see also* ECF No. 9, at 2.)

    Claim Three:     "There is insufficient evidence to support the finding" of guilty. (ECF No. 7, at 1; *see also* ECF No. 9, at 2.)

By Memorandum Opinion and Order entered on September 14, 2021, the Court granted Respondent's Motion for Summary Judgment as to Claims Two and Three. (ECF No. 13, at 1.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. To the extent possible, the Court corrects the spelling, capitalization, and punctuation in the quotations from the parties' submissions.

[2] The term "DHO," as applied here, is an abbreviation for "Disciplinary Hearing Officer."

However, the Court denied the Motion for Summary Judgment without prejudice with respect to Claim One. (*Id.*)

Nevertheless, at that time, the Court took notice of the fact that, incident to this litigation, Respondent has provided Law with a copy of the DHO report that is at issue in Claim One. (*See* ECF No. 12, at 7–8.) Accordingly, the Court directed Law to show cause, within fifteen (15) days of entry thereof, and explain why Claim One should not be dismissed as moot. (*See* ECF No. 12, at 7–8, 12 (citations omitted); ECF No. 13, at 1.)

More than fifteen (15) days have passed since the entry of the September 14, 2021 Memorandum Opinion and Order was entered, and Law has not responded to the order to show cause or otherwise communicated with the Court. Law's conduct indicates a lack of interest in litigating this action. *See generally* Fed. R. Civ. P. 41(b).[3]

More importantly, Law has failed to demonstrate that Claim One was not rendered moot by the fact that Respondent provided him with a copy of the DHO report during the course of this litigation. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983) ("If intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[] [is] powerless to decide the questions presented."); *see also Shahan v. Ormond*, No. 3:18CV200–HEH, 2018 WL 6681210, at *4 (E.D. Va. Dec. 19, 2018) (concluding that an inmate's claim regarding his failure to receive the DHO Report was moot because, after initiating the action, the inmate received a copy of the DHO Report), *aff'd*, 778 F. App'x 217 (4th Cir. 2019).

---

[3] This Rule provides for dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b).

Accordingly, Claim One will be DISMISSED AS MOOT. This action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6-27-2022
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

3